UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America, | No. 18-cr-20418 |
| Plaintiff, | Hon. Denise Page Hood |
| v. | |
| Chadi Bazzi, R.Ph., | |
| Defendant. | |

# United States' Memorandum
# In Aid of Sentencing

The United States of America, by and through its undersigned counsel, submits this memorandum to the Court to aid in sentencing Chadi Bazzi ("Defendant"). The United States requests that as to Counts 1 through 8, the Court find: (i) the Defendant's offense level to be 24, with a Guidelines range of 51-63 months, (ii) to sentence the Defendant to a prison term of 55 months, (iii) impose a restitution judgment in the amount of at least $5,152,819.14, (iv) impose a special assessment of $800, and (v) impose a three-year term of supervised release.

## Background

From January 2011 through December 2016, Defendant was a licensed pharmacist, Medicare provider, and owner of BFRX, LLC d/b/a Better Care Neighborhood Pharmacy ("Better Care"). Through his pharmacy, Defendant executed a scheme, in which he conspired with others to submit fraudulent claims to Medicare, Medicaid, and Blue Cross Blue Shield of Michigan for prescription medications that were in fact not dispensed by his pharmacy. This type of fraudulent activity was perpetrated for years by the Defendant at Better Care, allowing the Defendant to receive the substantial proceeds of this illegal scheme. From January 2011 through December 2016, in executing this scheme, the Defendant caused a loss to Medicare, Medicaid, and Blue Cross Blue Shield of Michigan of at least $5,844,312.33.

## Procedural History

On June 14, 2018 an Indictment was filed charging Defendant with one count of Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349, and 7 counts of Health Care Fraud, in violation of 18 U.S.C. § 1347 and 2. On July 26, 2022, the Defendant pled guilty to all 8 counts, but reserved for sentencing the determination of the loss amount applicable to the 8 counts and the sentencing guidelines.

**SENTENCING GUIDELINES**

The government agrees with the U.S. Probation Department's calculation of the Guidelines Range from the PSR, which is as follows:

- Base Offense Level: 7 (U.S.S.G. § 2B1.1(a)(1))
- Intended Loss >$3,500,000: +18 (U.S.S.G. § 2B1.1(b)(1)(J))
- Health Care Fraud Enhancement: +2 (U.S.S.G. § 2B1.1(b)(7)(B)(i)
- Abuse of Trust: +2 (U.S.S.G. § 3B1.3)
- Acceptance of Responsibility: -3 (U.S.S.G. § 3E1.1(a) and (b))
- Adjustment to Zero-Point Offender: -2 (U.S.S.G. § 4C1.1)

Total Offense Level: 24

Criminal History Category: I

**Total Guidelines Range: 51-63 months**

**I.     ANALYSIS OF RELEVANT 3553(a) FACTORS**

The government is recommending an aggregate sentence of 55 months. Title 18, United States Code, Section 3553(a), provides numerous factors that the Court is to consider in sentencing the defendant. Factors pertinent to the instant offense are discussed below, numbered as they are in Section 3553(a), and support the government's recommendation.

**(1)    The nature and circumstances of the offense and the history and characteristics of the defendant.**

3

The nature and circumstances of the Defendant's offenses demonstrate a chronic and long-term unwillingness to deal honestly, not only with Medicare, but also with Medicare beneficiaries, and the public. The Defendant is directly responsible for these criminal acts, and he utilized the advantage he had as a professional in the medical field to commit these significant crimes. He frankly took advantage of the personal circumstances of vulnerable Medicare and Medicaid beneficiaries, which allowed them to become easy prey to the Defendant's fraudulent scheme. He explained to these beneficiaries who in fact had prescriptions for controlled substances that he would only fill those prescriptions if the beneficiary also brought to the Defendant prescriptions for high-reimbursement medications, such as Spiriva inhalers and Lidocaine cream, among others. The Defendant then billed Medicare and Medicaid for these medically unnecessary, expensive medications without ever purchasing or dispensing them. These beneficiaries were clearly used as pawns by the Defendant, as the means to his end of enriching himself. From 2011 through 2016, the Defendant's crimes had a large impact within the Eastern District of Michigan and the trust funds of the federal health care programs. Not only did the Defendant's pharmacy result in millions of dollars of fraudulently obtained money, but the volume of units filled by Better Care within this fraudulent activity was rather astounding: between 2011 through 2018 the Defendant billed

Medicare for more than 1.6 million units opioids and more than 560,000 units of non-opioid controlled substances. The Defendant is directly responsible for these criminal acts, which assuredly had an impact upon the opioid epidemic that the nation and our local community suffered through during that time.

> **(2) The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence; and (C) to protect the public from further crimes of the defendant;**

The appropriate punishment must reflect the seriousness of the offense, afford adequate deterrence, promote respect for the law, and provide just punishment for the offense. Health care fraud is a substantial problem nationwide and the National Health Care Anti-Fraud Association, an organization composed of both public and private health insurers and regulators, conservatively estimates that three percent of all health care spending in the United States is lost due to fraud.

The defendant's punishment should take into account not only the scope and seriousness of his own criminal conduct, but also the need to deter other Medicare providers from seeking to profit from the public health system at taxpayers' expense. The Sixth Circuit Court of Appeals has emphasized that "economic and fraud-based crimes . . . are prime candidates for general deterrence" because these crimes "are more rational, cool, and calculated than sudden crimes of passion or opportunity."

*United States v. Peppel*, 707 F.3d 627, 637 (6th Cir. 2013) (*quoting United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006)).

In this case, specific deterrence should be deemed necessary to prevent the Defendant and others from future criminal conduct. The punishment the Defendant receives should be substantial enough to influence his behavior in the future, and ensure that the Medicare program is at no further risk from his unethical and illegal behavior. Furthermore, the general deterrence of other Medicare providers within the Defendant's expansive professional network would be supported by a guidelines custodial sentence, dissuading other individuals who may contemplate similar methods to evade Medicare rules and regulations as the Defendant.

**(5) Any pertinent policy statement issued by the United States Sentencing Commission ("U.S.S.C.")**

The United States is unaware of any pertinent policy statements issued by the U.S.S.C. However, the Patient Protection and Affordable Care Act ("PPACA"), enacted in March 2010, provides the most recent evidence of congressional intent in this area of the law. PPACA specifically provides for increased sentences for health care fraud offenses, and further requires the U.S.S.C. to "ensure that the Federal Sentencing Guidelines and policy statements - (i) reflect the serious harms associated with health care fraud and the need for aggressive and appropriate law enforcement action to prevent such fraud; and (ii) provide increased penalties for persons

convicted of health care fraud offenses in appropriate circumstances." Pub. L. No. 111-148, § 10606(a)(3).

### (6) The need to avoid unwarranted sentencing disparities among defendants with similar records

This sentencing factor is intended to address national sentencing disparities, and it is widely recognized that a Guidelines sentence is the best way to avoid such disparities. *United States v. Smith*, 564 F. App'x 200, 205 (6th Cir. 2014) (stating that "one of the fundamental purposes of the Guidelines is to help maintain national uniformity in sentences, and considering that most sentences are within the Guidelines, the Guidelines themselves represent the best indication of national sentencing practices"); *Rita v. United States*, 551 U.S. 338 (2007).

The PSR reflects the serious nature of the defendant's conduct, and notes that a sentence within the guideline range would avoid unwarranted national sentence disparities among defendants with similar records.

**Conclusion**

Based on the considerations above, the United States respectfully requests that this Court: (1) find the defendant's offense level to be 24, with a Guidelines range of 51-63 months; (2) impose a sentence of 55 months imprisonment; (3) impose restitution in the amount of at least $5,152,819.14; (4) order a special assessment of $800; and (5) order a three-year term of supervised release.

          Respectfully submitted,

          DAWN N. ISON
          United States Attorney

          GLENN S. LEON
          Chief
          U.S. Department of Justice
          Criminal Division, Fraud Section

          <u>s/ANDRES Q. ALMENDAREZ</u>
          Andres Q. Almendarez
          Trial Attorney
          U.S. Department of Justice
          Criminal Division, Fraud Section
          1400 New York Ave., N.W.
          Washington, D.C.  20005
          Phone: (202) 258-7149
          Email: Andres.Almendarez@usdoj.gov

Date: February 9, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel for Defendant.

                                                s/Andres Q. Almendarez
                                                Andres Q. Almendarez
                                                Trial Attorney
                                                U.S. Department of Justice
                                                Criminal Division, Fraud Section
                                                1400 New York Ave., N.W.
                                                Washington, D.C.  20005
Date:  February 9, 2024             E-Mail: andres.almendarez@usdoj.gov